UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20530-BLOOM/Otazo-Reyes

CESAR A. SALAZAR CANO,

    Plaintiff,
v.

THE EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION (EEOC),
FLORIDA COMMISSION ON
HUMAN RELATIONS(FCHR), AND
BROWARD COUNTY PUBLIC SCHOOL (BCPS),

    Defendants.
_____/

**ORDER DENYING MOTION FOR ENTRY OF DEFAULT**

**THIS CAUSE** is before the Court upon *pro se* Plaintiff Cesar A. Salazar Cano's ("Plaintiff") Motion Entry of Default, ECF No. [16] ("Motion"). In the Motion, Plaintiff requests that the Court "declare the EEOC EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (defendant) in default." *Id.* at 2. Plaintiff also seeks "a lawyer be assigned to me and accompany me throughout the process of this Lawsuit." *Id.* Plaintiff finally seeks "UNITED STATES DEPARTMENT OF JUSTICE, OFFICE OF TRANSPARENCY, KAMALA D. HARRIS, OFFICE FOR THE FIGHT AGAINST CORRUPTION, to activate all protection protocols . . . ." *Id.* The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons stated below, the Motion is denied.

First, the Court construes Plaintiff's request for the Court to declare Defendant Equal Employment Opportunity Commission ("EEOC") "in default" as a request for a Clerk's Entry of Default. *See* ECF No. [16]. However, the request is premature because the EEOC has not yet been served. Fed. R. Civ. P. 4(i)(1)(A) states that, "To serve a United States agency or corporation, or

a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." A review of the record indicates that Plaintiff has not served the United States. The Motion states that Plaintiff attempted to serve the summons to the EEOC, not the United States. *Id.* at 1. Further, it is unclear from Plaintiff's Motion whether the EEOC received the summons and the complaint. Plaintiff's Motion states that "[the summons] was received satisfactorily," but the attached return of service indicates that the EEOC was "unserved." *Id.* at 2, 3. As such, Plaintiff's first request is denied. Plaintiff shall comply with Fed. R. Civ. P. 4(i)(1)(A) and effectuate service upon the United States and send of copy of the summons and of the complaint by registered or certified mail to the EEOC.

Second, Plaintiff seeks appointment of counsel. *See* ECF No. [16] at 2. However, the Court previously instructed Plaintiff in the Order Providing Instructions to *Pro Se* Litigant that "a *pro se* litigant is not entitled to the appointment of counsel in a civil case." ECF No. [7] ("Order"). As such, Plaintiff is not entitled to the relief that he seeks. In the Order, the Court further explained that Plaintiff may request to participate in the Volunteer Attorney Program of the U.S. District Court for the Southern District of Florida by filing a motion for referral to the Volunteer Attorney Program. Plaintiff has failed to file the required motion for referral. If Plaintiff chooses to do so, Plaintiff may file a motion to be referred to the Volunteer Attorney Program. The Court reminds Plaintiff that it is within the Court's discretion to grant a motion to be referred to volunteer attorneys.

Lastly, Plaintiff seeks to "activate all protection protocols" but fails to specify the exact relief he seeks or explain why he is entitled to the relief that he seeks. *See* ECF No. [16] at 2. As such, Plaintiff's request for unspecified protection protocols is denied.

Case No. 22-cv-20530-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [16]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 18, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Cesar A. Salazar Cano
7210 Lake Circle Drive
Apt 103
Margate, FL 33063
PRO SE