UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-20530-BLOOM/Otazo-Reyes**

CESAR A. SALAZAR CANO,

      Plaintiff,

v.

THE EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION (EEOC),
FLORIDA COMMISSION ON
HUMAN RELATIONS (FCHR), AND
BROWARD COUNTY PUBLIC SCHOOL (BCPS),

      Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant School Board of Broward County's ("Defendant" or "SBBC")[1] Motion to Dismiss, ECF No. [12] ("Motion"). On December 13, 2021, *pro se* Plaintiff Cesar A. Salazar Cano ("Plaintiff") filed an Answer to Defendant School Board's Motion to Dismissal, ECF No. [15] ("Response"), to which Defendant filed a Reply, ECF No. [21] ("Reply"). The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I.    BACKGROUND

On February 22, 2022, Plaintiff filed his Complaint against Defendants Equal Employment Opportunity Commission ("EEOC"), Florida Commission on Human Relations ("FCHR"), and SBBC (collectively, "Defendants"). *See* ECF No. [1] ("Complaint"). According to the Complaint, Plaintiff filed a charge of discrimination against the SBBC with the FCHR, *see id.* at 1, the charge

---

[1] The summons and the Complaint refer to Defendant as "Broward County Public Schools," but Defendant notes that the correct name of the entity is the "School Board of Broward County." *See* ECF No. [12] at 1, n.1.

was transferred to the EEOC for investigation, *see id.* at 2-3, the EEOC failed to timely and adequately investigate the charge, *see id.* at 3-4, the EEOC eventually determined that the charge was not viable, and issued a notice of right to sue, *see id.* at 6. Defendants have conspired to deprive Plaintiff of his rights, *see id.* at 10-11. Plaintiff thus seeks relief under the Federal Tort Claims Act ("FTCA") pursuant to 28 U.S.C. § 1346(b) and Conspiracy against Rights pursuant to 18 U.S.C. § 241. *See* ECF No. [1] at 1, 10-11.

Defendant now requests that the Court dismiss Plaintiff's Complaint with prejudice. *See* ECF No. [12]. Defendant argues that (1) Defendant is a governmental entity organized and existing under the laws of the State of Florida and not subject to liability under the FTCA; (2) the Complaint fails to set forth any facts to plead a plausible claim that Defendant conspired with the EEOC and/or the FCHR to deprive Plaintiff of any rights he may have had to pursue a claim of discrimination against Defendant; and (3) Plaintiff's Title VII claim against Defendant is time-barred and any amendment of the Complaint would be futile. *See id.* at 2. Plaintiff responds that the Court should deny the Motion because he is not asserting an FTCA claim or a Title VII employment discrimination claim against Defendant, but a "conspiracy" claim. *See* ECF No. [15] at 2-3. Plaintiff does not appear to meaningfully respond to Defendant's remaining arguments. *See generally id.*

## II.    LEGAL STANDARD

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

As a final note, *pro se* filings are "held to a less stringent standard than [filings] drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). For example, *pro se* litigants are nonetheless required to abide by the Local Rules and the Federal Rules of Civil Procedure. *Id.*; *Meduty v. Ga. Dep't of Admin. Servs.*, 614 F. App'x 401, 402-03 (11th Cir. 2015) (citing *Tannenbaum*, 148 F.3d at 1263; *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Moreover, courts cannot serve as *de facto* counsel for an unrepresented party and cannot rewrite a deficient filing for the sake of sustaining an action. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). Nor may courts simply "fill in the blanks" to infer a litigant's claim. *Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012); *see also Bivens v. Roberts*, No. 2:08CV026, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))).

## III.   ANALYSIS

Upon review of the pleadings, Plaintiff's claims against Defendant must be dismissed. As an initial matter, Plaintiff concedes that he is not asserting an FTCA claim or a Title VII employment discrimination claim against Defendant. *See* ECF No. [15] at 3 ("I did not file a complaint for DISCRIMINATION against the School Board . . . . It is totally clear that the School Board is not sued under the FTCA laws. Only the EEOC is under the responsibility of the FTCA"). As such, any allegations in the Complaint in support of Plaintiff's FTCA claim and Title VII

employment discrimination claim against the SBBC have been effectively withdrawn and are no longer viable.

Plaintiff's only remaining claim appears to be a claim of Conspiracy against Rights pursuant to 18 U.S.C. § 241. *See* ECF No. [1] at 10-11. However, "Section 241 is a criminal statute and doesn't provide a civil cause of action." *See Anderson v. Perez*, 860 F. App'x. 688, 690 (11th Cir. July 12, 2021) (citing *Hanna v. Home Ins. Co*., 281 F.2d 298, 303 (5th Cir. 1960)). As such, Plaintiff does not specify the legal basis for the relief that he seeks.[2]

As a final note, the Court agrees with Defendant that any amendment to the Complaint would be futile considering Plaintiff's concession that he is not asserting an FTCA claim or a Title VII employment discrimination claim against Defendant and the fact that Plaintiff is not entitled to any relief under 18 U.S.C. § 241. Further, Plaintiff does not seek leave to amend his Complaint and any attempt would be futile. Therefore, the Court need not grant Plaintiff an opportunity to amend the Complaint, and Plaintiff's claims against SBBC must be dismissed with prejudice.

## IV.    CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1. Plaintiff's claims against Defendant School Board of Broward County are **DISMISSED WITH PREJUDICE**.

2. Plaintiff's claims shall proceed against the remaining Defendants.

---

[2] Further, to state a civil conspiracy claim, the complaint must allege "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *See Cordell Consultant, Inc. Money Purchase Plan and Trust v. Abbott*, 561 F. App'x. 882, 886 (11th Cir. 2014). The Complaint is devoid of any factual allegations to plausibly state a civil conspiracy claim against Defendant.

Case No. 22-cv-20530-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 8, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Cesar A. Salazar Cano
7210 Lake Circle Drive
Apt 103
Margate, FL 33063
PRO SE