UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20530-BLOOM/Otazo-Reyes

CESAR A. SALAZAR CANO,

    Plaintiff,
v.

THE EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION (EEOC),
FLORIDA COMMISSION ON
HUMAN RELATIONS (FCHR), AND
BROWARD COUNTY PUBLIC SCHOOL (BCPS),

    Defendants.
    _____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Florida Commission on Human Relations' ("Defendant" or "FCHR") Motion to Dismiss, ECF No. [31] ("Motion"). On May 23, 2022, *pro se* Plaintiff Cesar A. Salazar Cano ("Plaintiff") filed an Answer Motion to Dismiss Filed by Christopher Kondziela FCHR (Florida Commission on Human Relations), ECF No. [39] ("Response"). To date, Defendant has not filed a Reply. The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.**    **BACKGROUND**

Plaintiff filed his Complaint against Defendants Equal Employment Opportunity Commission ("EEOC"), Broward County Public Schools ("BCPS"), and FCHR (collectively, "Defendants") on February 22, 2022. *See* ECF No. [1] ("Complaint"). According to the Complaint, Plaintiff filed a charge of discrimination against the BCPS with the FCHR, *see id.* at 1, the charge was transferred to the EEOC for investigation, *see id.* at 2-3, the EEOC failed to timely and

adequately investigate the charge, *see id.* at 3-4, and the EEOC eventually determined that the charge was not viable and issued a notice of right to sue, *see id.* at 6. Plaintiff alleges that Defendants have conspired to deprive Plaintiff of his rights, *see id.* at 10-11. Plaintiff's Complaint seeks relief under the Federal Tort Claims Act ("FTCA") pursuant to 28 U.S.C. § 1346(b) and Conspiracy against Rights pursuant to 18 U.S.C. § 241. *See* ECF No. [1] at 1, 10-11. On April 18, 2022, Plaintiff withdrew his FTCA claims against FCHR and BCPS by clarifying that he was asserting his FTCA claim only against the EEOC. *See* ECF No. [15] at 3. On May 9, 2022, the Court granted BCPS' Motion to Dismiss. *See* ECF No. [27] ("Order").

Defendant now requests that the Court dismiss Plaintiff's claims against FCHR with prejudice. *See* ECF No. [31]. Defendant argues that (1) it is entitled to immunity from Plaintiff's claims based on quasi-judicial immunity and Eleventh Amendment immunity; and (2) Plaintiff fails to state a cause of action. *See id.* at 1. Plaintiff's Response does not meaningfully respond to Defendant's arguments. *See* ECF No. [39]. Instead, Plaintiff quotes the Court's previous Order granting BCPS' Motion to Dismiss where the Court stated that "Plaintiff's claims shall proceed against the remaining Defendants." *See id.* at 2 (quoting ECF No. [27] at 5).

II.     **LEGAL STANDARD**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129

S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

As a final note, *pro se* filings are "held to a less stringent standard than [filings] drafted by

attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). For example, *pro se* litigants are nonetheless required to abide by the Local Rules and the Federal Rules of Civil Procedure. *Id.*; *Meduty v. Ga. Dep't of Admin. Servs.*, 614 F. App'x 401, 402-03 (11th Cir. 2015) (citing *Tannenbaum*, 148 F.3d at 1263; *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Moreover, courts cannot serve as *de facto* counsel for an unrepresented party and cannot rewrite a deficient filing for the sake of sustaining an action. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). Nor may courts simply "fill in the blanks" to infer a litigant's claim. *Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012); *see also Bivens v. Roberts*, No. 2:08CV026, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))).

### III.    ANALYSIS

As an initial matter, because Plaintiff withdrew his FTCA claim against Defendant FCHR, the only remaining claim against Defendant is Conspiracy against Rights pursuant to 18 U.S.C. § 241. As noted above, Defendant argues that (1) it is entitled to immunity from Plaintiff's claim based on quasi-judicial immunity and Eleventh Amendment immunity; and (2) Plaintiff fails to state a cause of action. *See* ECF No. [31] at 1. Plaintiff's Response does not meaningfully respond to Defendant's Motion, and merely quotes the Court's previous Order granting BCPS' Motion to Dismiss where the Court stated that "Plaintiff's claims shall proceed against the remaining Defendants." *See* ECF No. [39] (quoting ECF No. [27] at 5).

Upon review of the pleadings, Plaintiff's remaining claim against Defendant must be dismissed. As Defendant correctly notes, judicial officers are immune from suit based on actions taken in their judicial capacities and within their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). Further, judicial immunity applies to 'quasi-judicial' officers.

> [A]gency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts. The decision to initiate administrative proceedings against an individual or corporation is very much like the prosecutor's decision to initiate or move forward with a criminal prosecution. An agency official, like a prosecutor, may have broad discretion in deciding whether a proceeding should be brought and what sanctions should be sought.

*Butz v. Economou*, 438 U.S. 478, 515 (1978).

In this case, Defendant's conduct as alleged by the Complaint was part of Defendant's quasi-judicial function since Defendant has the discretion to pass on complaints that Defendant receives to the EEOC for the EEOC's own quasi-judicial process. As noted above, Plaintiff's remaining claim against Defendant is based on factual allegations that Plaintiff filed a discrimination complaint against the BCPS with the FCHR, *see* ECF No. [1] at 1, and that the FCHR transferred the complaint to the EEOC for investigation, *see id.* at 2-3. Because Defendant's conduct, as alleged, was analogous to that of a prosecutor's decision to initiate or forego prosecution, Defendant was acting as a quasi-judicial officer, and Defendant's actions are protected by quasi-judicial immunity.[1]

Further, Plaintiff appears to be under the mistaken belief that the Court preemptively denied any future motions to dismiss by stating that "Plaintiff's claims shall proceed against the remaining Defendants" when denying BCPS' Motion to Dismiss. ECF No. [39] (quoting ECF No. [27] at 5). The Court was not preemptively denying any future motions to dismiss. Instead, the

---

[1] Given the Court's determination, the Court need not address Defendant's remaining arguments.

Court was instructing Defendant that Plaintiff's claims against Defendant remained pending, and that Defendant was required to respond to the Complaint, which Defendant did in the form of the instant Motion to Dismiss.

As a final note, the Court agrees with Defendant that the dismissal of Plaintiff's claims against Defendant should be with prejudice. Dismissal with prejudice is appropriate where a defendant is entitled to judicial immunity, and it would be futile to provide plaintiff with leave to amend since judicial immunity is a complete bar to suit. *See Rivas v. Sasser*, No. 15-81306-CIV, 2015 WL 10376423, at *2 (S.D. Fla. Dec. 17, 2015), *report and recommendation adopted*, No. 15-81306-CIV, 2016 WL 769011 (S.D. Fla. Feb. 25, 2016). Further, Plaintiff does not seek leave to amend his Complaint. Therefore, the Court dismisses Plaintiff's claims against Defendant with prejudice and without leave to amend.

## IV. CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1. Plaintiff's claims against Defendant FCHR are **DISMISSED WITH PREJUDICE**.
2. Plaintiff's claims shall proceed against remaining Defendant EEOC.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 24, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Cesar A. Salazar Cano
7210 Lake Circle Drive
Apt 103
Margate, FL 33063
PRO SE