### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-cv-20530-BLOOM/Otazo-Reyes

CESAR A. SALAZAR CANO,

      Plaintiff,

v.

THE EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION (EEOC),
FLORIDA COMMISSION ON
HUMAN RELATIONS (FCHR), AND
BROWARD COUNTY PUBLIC SCHOOL (BCPS),

      Defendants.

_____/

### ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Equal Employment Opportunity Commission's ("Defendant" or "EEOC") Motion to Dismiss, ECF No. [42] ("Motion"). On June 22, 2022, *pro se* Plaintiff Cesar A. Salazar Cano ("Plaintiff") filed an Answer to Motion to Dismiss and Motion to Stay Filed by Respondent EEOC, ECF No. [47] ("Response"). To date, Defendant has not filed a Reply. The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I.    BACKGROUND

Plaintiff filed his Complaint against Defendants EEOC, Broward County Public Schools ("BCPS"), and Florida Commission on Human Relations ("FCHR") (collectively, "Defendants") on February 22, 2022. *See* ECF No. [1] ("Complaint"). According to the Complaint, Plaintiff filed a charge of discrimination against the BCPS with the FCHR, *see id.* at 1, the charge was transferred to the EEOC for investigation, *see id.* at 2-3, the EEOC failed to timely and adequately investigate the charge, *see id.* at 3-4, and the EEOC eventually determined that the charge was not viable and

issued a notice of right to sue, *see id.* at 6. Plaintiff alleges that Defendants have conspired to deprive Plaintiff of his rights, *see id.* at 10-11. Plaintiff's Complaint seeks relief under the Federal Tort Claims Act ("FTCA") pursuant to 28 U.S.C. § 1346(b) and Conspiracy against Rights pursuant to 18 U.S.C. § 241. *See* ECF No. [1] at 1, 10-11. On April 18, 2022, Plaintiff withdrew his FTCA claims against FCHR and BCPS by clarifying that he was asserting his FTCA claim only against the EEOC. *See* ECF No. [15] at 3. On May 9, 2022, the Court granted BCPS' Motion to Dismiss. *See* ECF No. [27]. The Court then granted FCHR's Motion to Dismiss on May 24, 2022, leaving EEOC as the sole remaining Defendant in this case. *See* ECF No. [41].

Defendant now requests that the Court dismiss Plaintiff's claims against it. *See* ECF No. [42]. Defendant argues that the Complaint must be dismissed because (1) the Complaint is an impermissible shotgun pleading; (2) the Complaint fails to state a claim for conspiracy; and (3) the Complaint fails to state a viable claim under the FTCA. Defendant also argues that the Court lacks subject matter jurisdiction for any FTCA claim against Defendant because the FTCA does not authorize suit against government agencies. Plaintiff's Response does not meaningfully respond to Defendant's arguments. *See* ECF No. [47]. Instead, Plaintiff merely notes that he has not received notice of the Court's prior Order granting FCHR's Motion to Dismiss and the Court has already permitted the action to proceed against the EEOC.

## II.    LEGAL STANDARD

### a.  Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an

intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates . . . [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Merch. One, Inc. v. TLO, Inc*., No. 19-CV-23719, 2020 WL 248608, at *3 (S.D. Fla. Jan. 16, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted)). Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted).

### b.  Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent*

*Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### c.   *Pro Se* Litigants

As a final note, *pro se* filings are "held to a less stringent standard than [filings] drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). For example, *pro se* litigants are nonetheless required to abide by the Local Rules and the Federal Rules of Civil Procedure. *Id.*; *Meduty v. Ga. Dep't of Admin. Servs.*, 614 F. App'x 401, 402-03 (11th Cir. 2015) (citing *Tannenbaum*, 148 F.3d at 1263; *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Moreover, courts cannot serve as *de facto* counsel for an unrepresented party and cannot rewrite a deficient filing for the sake of sustaining an action. *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1264 (S.D. Fla. 2004). Nor may courts simply "fill in the blanks" to infer a litigant's claim. *Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at *1 (S.D. Ga. Mar. 26, 2012); *see also Bivens v. Roberts*, No. 2:08CV026, 2009 WL 411527, at *3 (S.D. Ga. Feb. 18, 2009) ("[J]udges must not raise issues and arguments on

plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008))).

### III.   ANALYSIS

Defendant argues that the Complaint must be dismissed because (1) the Complaint is an impermissible shotgun pleading; (2) the Complaint fails to state a claim for conspiracy; and (3) the Complaint fails to state a viable claim under the FTCA. *See id.* at 1. Defendant also argues that the Court lacks subject matter jurisdiction for any FTCA claim against Defendant because the FTCA does not authorize suit against government agencies. The Court addresses each argument in turn.

#### a.   Shotgun Pleading

First, Defendant argues that the Complaint is a shotgun pleading that "is confusing, rambling, contains no numbered paragraphs, and fails to set forth any claim in a separate count, making it impossible to determine what claim or claims Plaintiff is attempting to assert, or to identify the facts that support such claims, much less which defendant is alleged to liable for what action." ECF No. [42] at 5-6. Defendant submits that this deficiency alone warrants dismissal of Plaintiff's claims against Defendant. *See id.* at 6.

Upon review, the Complaint is indeed a shotgun pleading that fails to set forth claims against Defendant in a manner that gives Defendant adequate notice of the claims against them and the grounds upon which each claim rests. *See generally* ECF No. [1]. As Defendant rightly points out, the Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Merch. One, Inc.*, 2020 WL 248608, at *3.

However, without further analysis, the Court is unable to dismiss the Complaint with

prejudice because the Complaint is Plaintiff's original pleading, and the Court would be inclined to grant Plaintiff leave to amend the Complaint if an amendment would not be futile. As such, in the interest of judicial economy and in fairness to Plaintiff, the Court addresses Defendant's remaining arguments and determines whether an amendment would be futile to the extent that the Court is able to discern any claims against Defendant.

### b. Conspiracy

As noted above, it appears that Plaintiff is seeking relief for Conspiracy against Rights pursuant to 18 U.S.C. § 241. *See* ECF No. [1] at 10-11. Defendant argues that 18 U.S.C. § 241 is a criminal statute that does not provide a civil cause of action. *See* ECF No. [42] at 6-7.

The Court agrees. As the Court stated previously in dismissing Plaintiff's claims against BCPS, "Section 241 is a criminal statute and doesn't provide a civil cause of action." ECF No. [27] at 5 (quoting *Anderson v. Perez*, 860 F. App'x. 688, 690 (11th Cir. July 12, 2021) (citing *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960))). Therefore, Plaintiff fails to state a viable claim against Defendant pursuant to 18 U.S.C. § 241, and any opportunity to amend the Complaint on this matter would be futile.[1]

### c. FTCA

Next, it appears that Plaintiff is seeking relief under the FTCA pursuant to 28 U.S.C. § 1346(b). *See* ECF No. [1] at 1. Defendant argues that Plaintiff fails to allege a violation of state law by an employee of the federal government acting within the scope of his or her employment. *See* ECF No. [42] at 7-8. Further, Defendant argues that the FTCA is an exclusive remedy for torts

---

[1] Further, to state a civil conspiracy claim, the complaint must allege "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *See Cordell Consultant, Inc. Money Purchase Plan and Trust v. Abbott*, 561 F. App'x. 882, 886 (11th Cir. 2014). The Complaint is devoid of any factual allegations to plausibly state a civil conspiracy claim against Defendant.

against the United States, not federal agencies or employees. *See id.* at 8-9.

The Court agrees with Defendant. The Eleventh Circuit has held as follows:

> The FTCA was enacted to provide redress to injured individuals for ordinary torts recognized by state law but committed by federal employees. Indeed, the reference in § 1346(b)(1) to "the law of the place where the act or omission occurred" means the law of the state where the alleged tort occurred . . . . Stated another way, the fact that a federal employee has failed to perform duties imposed by federal law is insufficient by itself to render the federal government liable under the FTCA. Instead, a state tort cause of action is a *sine qua non* of FTCA jurisdiction, and we have dismissed FTCA suits that have pleaded breaches of federal duties without identifying a valid state tort cause of action.

*Zelaya v. United States*, 781 F.3d 1315, 1323-24 (11th Cir. 2015). Further, the Eleventh Circuit has held that "[t]he United States is the only proper defendant in an FTCA action." *Simpson v. Holder*, 184 F. App'x 904, 908 (11th Cir. 2006).

Therefore, as Defendant correctly argues, Plaintiff's FTCA claim must be dismissed because the Complaint fails to allege a viable state law violation to form the basis for an FTCA claim and Defendant cannot be a proper defendant in an FTCA action. In sum, Plaintiff fails to state a viable claim against Defendant under the FTCA, and any opportunity to amend the Complaint would be futile.

As a final note, Plaintiff appears to be under the mistaken belief that the Court preemptively denied any future motions to dismiss by stating that "Plaintiff's claims shall proceed against the remaining Defendants" when granting BCPS' Motion to Dismiss. ECF No. [47] at 2 (citing ECF No. [27] at 5). The Court was not preemptively denying any future motions to dismiss. Instead, the Court was instructing Defendant that Plaintiff's claims against Defendant remained pending, and that Defendant was required to respond to the Complaint, which Defendant did in the form of the instant Motion.

## IV.    CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

Case No. 22-cv-20530-BLOOM/Otazo-Reyes

1. Defendant's Motion, **ECF No. [42]**, is **GRANTED**.

2. The above-styled case is **DISMISSED WITH PREJUDICE**.

3. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 21, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Cesar A. Salazar Cano
7210 Lake Circle Drive
Apt 103
Margate, FL 33063
PRO SE

9